UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JABRA DEIR, | ) | CASE NO. 1:12 CV 110 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| LAKE COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Jabra Deir filed this action under 42 U.S.C. § 1983 against Lake County,

Ohio, the Lake County Sheriff's Office, Lake County Sheriff's Deputy Jospeh D. Basco, Lake

County Sheriff's Deputy Randy Woodruff, Lake County Sheriff's Deputy John Kelly, Lake

County Sheriff's Deputy Michael A. Zgrebnak, Lake County Sheriff Daniel A. Dunlap, and the

Lake County Board of Commissioners.  In the Complaint, Plaintiff alleges that Sheriff's

deputies used excessive force during the course of his arrest.  He seeks monetary relief.

## I.  BACKGROUND

Plaintiff alleges he was at Bunky's Pub in Leroy Township, Ohio on January 15, 2011.

He indicates he was not consuming alcohol because had undergone heart surgery in August

2010 and had not fully recovered  from that procedure.  Plaintiff states one of the other patrons

was drunk and started an altercation with him.  He attempted to leave the bar but the drunk patron followed him to his car and hit him in the head causing him to lose consciousness.  His car rolled backwards into a two foot deep ditch and rested at a 45 degree angle.

Plaintiff contends sheriff's deputies arrived on the scene and told him to exit his vehicle. He indicates he could not comply with the order because the angle of the car made it difficult to open the driver's side door.  Plaintiff claims he tried to tell deputies he could not climb to another area of the car because he had not yet recovered from the surgery but they would not listen to him.  Instead, Plaintiff was charged with resisting arrest.  He contends deputies pulled him from his tilted drivers seat to the back seat of the car where he was pulled from the vehicle. He claims this caused him extreme pain.  Once he was free from the vehicle, Plaintiff alleges deputies slammed him to the ground and stood on him causing him even more pain.

Plaintiff alleges he informed deputies upon arrival at the Lake County Jail that he had undergone recent heart surgery and was experiencing quite a bit of pain.  He indicates the officers did not believe him and restrained him in a chair.  In the process, Plaintiff claims the officers pushed so hard on his chest that they cracked ribs and broke his sternum.  He claims he was in so much pain that he lost consciousness again.  He alleges he was not given immediate medical attention.

The Complaint contains five causes of action.  First, Plaintiff claims Defendants violated his Fourth Amendment right to be free from unreasonable seizures.  He indicates he was arrested without probable cause, and was subjected to excessive force during the course of the arrest.  Second, Plaintiff asserts the Sheriff's deputies and jail corrections officers used excessive force after he was in custody.  Third, he claims the deputies and corrections officers

committed the state law tort of battery.  Fourth, he asserts a claim for intentional infliction of

emotional distress.  Finally, he includes a claim of reckless infliction of emotional distress.

## II.  STANDARD OF DISMISSAL

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or

fact when it is premised on an indisputably meritless legal theory or when the factual

contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a

claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct.

1937, 1949 (2009).  The factual allegations in the pleading must be sufficient to raise the right

to relief above the speculative level on the assumption that all the allegations in the Complaint

are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual

allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me

---

[1]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the
plaintiff and without service of process on the defendant, if the court explicitly states that it is
invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of
the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir.
1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054
(1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177,
1179 (6th Cir. 1985).

accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## III.  LAW AND ANALYSIS

### A.  42 U.S.C. § 1983

The right to be free from excessive force in the course of an arrest is clearly established under the Fourth Amendment and can form a legitimate basis for a § 1983 claim.  *See e.g.*, *Kain v. Nesbitt*, 156 F.3d 669, 673 (6th Cir.1998); *Walton v. City of Southfield*, 995 F.2d 1331, 1342 (6th Cir.1993); *Holt v. Artis*, 843 F.2d 242, 246 (6th Cir.1988).  "Every push and shove an officer makes during the arrest," however, will not subject the officer to liability.  *Collins v. Nagle*, 892 F.2d 489, 496 (6th Cir.1989).  Whether a police officer has used excessive force in effecting an arrest depends on whether the officer's conduct is "objectively reasonable" in light of the existing facts and circumstances.  *See Graham v. Connor*, 490 U.S. 386, 397 (1989).  Circumstances to be considered in this connection include the severity of the criminal conduct at issue, whether the suspect posed an immediate threat to the safety of the public and the officer, and whether the suspect was actively resisting arrest.  *Id.* at 396.  These factors must be considered from the perspective of a reasonable officer on the scene, who is often forced to make quick judgments under rapidly evolving and tense circumstances.  *Id* at 397.  Plaintiff has included sufficient allegations in his Complaint against Deputy Basco, Deputy Woodruff, Deputy Kelly, and Deputy Zgrebnak to state a plausible claim under the Fourth Amendment.

Likewise, the Fourteenth Amendment protects inmates in jails from the use of excessive

force by corrections officers.  *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir.1994)(finding that although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well).  The Court must determine whether the officer acted in a good faith effort to maintain or restore discipline, or whether he acted maliciously and sadistically to cause harm.  *Hudson v. McMillian*, 503 U.S. 1 (1992).  Although jail officials may often be required to use physical contact to insure security, they can violate the Constitution if the contact represents an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  The allegations in Plaintiff's Complaint state a plausible claim for relief against Deputy Basco, Deputy Woodruff, Deputy Kelly, and Deputy Zgrebnak under the Fourteenth Amendment for alleged use of excessive force against Plaintiff after he was in custody.

Plaintiff fails, however, to state a federal claim for relief against the Lake County Sheriff's Office.  Police Departments and Sheriff's Offices are not *sui juris* and therefore cannot sue or be sued.  *Jones v. Ptl. D. Marcum*, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075 (S.D. Ohio 1987).  *See also Messer v. Rohrer*, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997).  They are merely sub-units of the municipalities they serve.  *Id.*  In this case, that municipality is Lake County, Ohio.  The claims against the Sheriff's Office are therefore construed against Lake County.

Similarly, claims under 42 U.S.C. §1983 against Sheriff Dunlap and the Lake County Commissioners in their official capacities are, in essence, claims against Lake County.  An

official capacity damages action against a state or municipal officer is the equivalent of a damages liability action targeted against the public entity he or she serves.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff admits that his claims against Lake County are based on the doctrine of *respondeat superior.*  As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  *Id.* at 694.  A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers."  *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).  The Complaint contains no suggestion of a custom or policy of Lake County which may have led to the violation of Plaintiff's constitutional rights.

### B.  State Law Claims

Finally, Plaintiff includes three claims which arise under state tort law.  Because these claims are based on the incidents giving rise to Plaintiff's excessive force claims, they also state a plausible claim for relief against Deputy Basco, Deputy Woodruff, Deputy Kelly, and Deputy Zgrebnak.  They, however, fail to state a claim for relief against Lake County, the Lake County Sheriff's Office, Sheriff Dunlap or the Lake County Commissioners.

For an employer to be held liable for the tortious acts of an employee under the

-6-

traditional legal doctrine of *respondeat superior*, the act of the employee must have been committed within the scope of employment and, if an intentional tort, it must be calculated to facilitate or promote the employer's business or interest.  *Byrd v. Faber*, 57 Ohio St. 3d 56, 58 (1991); *Ramey v. Mudd*, 154 Ohio App. 3d 582, 588 (2003).  When an employee commits an intentional tort, it is assumed that the employee did not act within the course of his or her employment, for intentional torts generally encompass improper acts which have no place in the employment relationship.  *Byrd*, 57 Ohio St. 3d at 58.  The employer may still be held liable for an employee's intentional tort if the employer specifically and explicitly ratifies the employee's act and adopts it as the employer's own.  *Id.* at 59.  The mere failure to terminate the employee for the tortious act does not constitute ratification.  *Amato v. Heinika Ltd.*, No. 84479, 2005 WL 110441 at * 3, slip op. (Ohio App. 8th Dist. Jan. 20, 2005).  There are no facts alleged in the Complaint which reasonably suggest that Lake County, the Sheriff's Office, the Sheriff or the Lake County Commissioners in any way ratified the actions of the Deputies.

## IV.  CONCLUSION

Accordingly, Plaintiff's claims against Lake County, the Lake County Sheriff's Office, Sheriff Dunlap and the Lake County Commissioners are dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]  This action shall proceed solely on Plaintiff's claims against Deputy Basco, Deputy Woodruff, Deputy Kelly, and Deputy Zgrebnak.  Because

---

[2]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

Plaintiff provided U.S. Marshal forms or summonses to serve the Defendants, the Clerk's Office cannot forward this matter to the U.S. Marshal for service.  Plaintiff therefore, is ordered to provide U.S. Marshal forms and summonses for Deputy Basco, Deputy Woodruff, Deputy Kelly, and Deputy and any other party requiring service of process of the Complaint pursuant to FED. R. CIV P. 4(i) within thirty days of this order.  Plaintiff is further ordered to send a "Notice of Compliance," with an appropriate case caption for filing, with the completed forms.  The Clerk's Office is directed to mail sufficient Marshal forms and summonses to Plaintiff with a copy of this Order.

     **IT IS SO ORDERED.**

4/4/2012

S/Christopher A. Boyko
_____
**CHRISTOPHER A. BOYKO**
**United States District Judge**