IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JABRA DEIR, | ) | CASE NO. 1:12 CV 110 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| LAKE COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] in this action, which seeks damages under state and federal law

for purported use of excessive force and other issues,[2] are cross motions for summary

judgement by *pro se* plaintiff Jabra Deir[3] and defendants Joseph D. Basco, Randy Woodruff,

Mark L. Soeder, Michael Corbut, Russell Shultz, Robert Guthleben, John Kelley, Michael

Zgrebnak, Matthew Paul, and David Keller (collectively "the Defendants").[4] Each side has

responded in opposition to the motion filed by the other side,[5] and the Defendants have

replied to Deir's response.[6]

---

[1] ECF # 10.

[2] ECF # 12 (amended complaint).

[3] ECF # 33.

[4] ECF # 32.

[5] ECF # 36 (Defendants' response); ECF # 37 (Deir's response).

[6] ECF # 38 (Defendants' reply).

For the reasons stated below, I will recommend that the Defendants' motion for summary judgment be granted and that Deir's motion be denied.

## Facts

### A.    Amended complaint

The amended complaint arises from the circumstances of Deir's arrest and subsequent incarceration on January 15, 2011. The District Court previously provided a detailed summary of the factual background to the original complaint in dismissing 42 U.S.C. § 1983 claims against other defendants.[7] But another brief presentation of the current claims follows.

Deir contends that as he left a Lake County bar the evening of January 15, 2011, after consuming no alcohol, unnamed patrons attacked him in his car.[8] He asserts that after he had passed out from the blows, he was discovered by sheriff's deputies arriving at his car that had ended up in a ditch.[9] Deir maintains that the deputies roughly pulled him out of the car, detained him in a sheriff's vehicle, and otherwise maltreated him during his transportation to jail, where corrections officers ignored his reports of pain and recent surgery, and instead restrained him in a chair while knowingly pushing his chest to the point that he passed out from pain.[10]

---

[7] ECF # 5 at 1-3.

[8] ECF # 12 at ¶¶ 9-11.

[9] *Id.* at ¶¶ 11-14.

[10] *Id.* at ¶¶ 17-26.

The amended complaint argues that these actions resulted in the following seven claims[11] for relief:

1.  The restraint and incarceration violated Deir's Fourth Amendment right to be free from unreasonable seizure;[12]

2.  The restraint and incarceration deprived Deir of his Due Process rights under the Fourteenth Amendment;[13]

3.  The arrest was unlawful and without probable cause;[14]

4.  The acts of the deputies and corrections officers constituted assault and excessive force;[15]

5.  The acts of the deputies and corrections officers constituted battery and excessive force;[16]

6.  The acts of the deputies and corrections officers constituted intentional infliction of emotional distress;[17]

7.  The acts of the deputies and corrections officers constituted reckless infliction of emotional distress.[18]

---

[11] The original complaint had five claims.

[12] *Id.* at ¶¶ 27-30.

[13] *Id.* at ¶¶ 31-34.

[14] *Id.* at ¶¶ 35-39.

[15] *Id.* at ¶¶ 40-44.

[16] *Id.* at ¶¶ 45- 47.

[17] *Id.* at ¶¶ 48-52.

[18] *Id.* at ¶¶ 53-57.

**B.** **Summary judgment motions**

*1.* *The Defendants*

*a.* *The Defendants' factual account*

The Defendants present an entirely different account of the events of January 15,

2011.

Essentially, they contend that Deir has a "long, distressing and sad" history of violent

confrontations with law enforcement while drunk, of which the events of January 15 are only

"the latest chapter."[19] Defendants assert that during that evening, the bartender at Bunky's

Pub asked Deir to leave after screaming obscenities and making threats – a situation that

ended with Deir driving out of the parking lot, "yelling as he went," before crashing into a

ditch.[20] Deputies Basco, Kelley, and Zgrebnak found Deir in his car with its two left wheels

off the road, giving off "a very strong aroma of an alcoholic beverage," with "glassy and

bloodshot eyes," and speech that "was badly slurred."[21] Deir refused to leave his car or to

take a field sobriety test but instead "was constantly cursing" the deputies and refusing to

cooperate.[22]

---

[19] ECF # 32-1 at 1.

[20] *Id.* at 1-2.

[21] *Id.*

[22] *Id.*

Deir was then told he was under arrest for OVI and that if he did not exit the car he would be removed.[23] Deir did not comply with that order, and deputies finally removed Deir from his car, "fighting and resisting the entire time," such that Deir was finally handcuffed and his feet tied to prevent him from continuing to kick the window of the patrol car.[24]

Deir was taken to TriPoint Medical Center, where he was uncooperative with medical staff and refused any treatment.[25] Deputies then transported Deir to Lake County jail, with Deir remaining "combative" and making "obscene and threatening statements" the entire time.[26] While at the jail, Deir again refused to comply with orders to calm down but repeatedly pounded on the door of the holding cell and cursed the officers. Affidavits from the corrections officers state that Deir's actions at the jail included "extend[ing] his middle finger"at the officers,  unzipping his pants, and urinating on the cell door and floor.[27]

After being removed from the cell for a short period of time, placed in handcuffs and in the restraint chair, Deir was returned to the holding cell where, after a final threat to "kill you mother fuckers," he eventually fell asleep on the cell floor.[28]

---

[23] *Id.* at 3.

[24] *Id.*

[25] *Id.* at 4.

[26] *Id.*

[27] *Id.* at 5.

[28] *Id.*

*b.      Defendants' motion*

i.      Preliminary arguments

In their brief and brief in opposition to Deir's motion, the Defendants make five

preliminary arguments:

(a)     The Defendants note first that although Deir's amended complaint lists as defendants "John Does # 1-30,"[29] since the filing of complaint in 2012 Deir has never "named any specific person in place of any John Doe, let alone served such Defendant with a summons."[30] Thus, the Defendants seek the dismissal of all John Doe defendants.[31]

(b)     Because a claim against a government official is a claim against the government entity for which he works, and consistent with this Court's prior order, there is no claim here under either federal or state law against Lake County because there has been no allegation of any custom or practice of Lake County which led to any alleged deprivation of Deir's constitutional rights.[32]

(c)     Further, and in light of Judge Kathleen M. O'Malley's finding in an analogous case:

•       counts one, two and three must be seen as federal claims springing from an arrest without probable cause;

•       counts four and five understood as both federal and state claims for excessive force/assault and battery; and

•       counts six and seven viewed as state law claims for intentional infliction of emotional distress.[33] In that regard, the Defendants

---

[29] ECF # 12 at 1.

[30] ECF # 32 at 1 n.1.

[31] *Id.*

[32] ECF # 32-1 at 7 (citation omitted).

[33] *Id.* at 7-8 (citations omitted).

also note that Ohio treats claims of intentional infliction of emotional distress and reckless infliction of emotional distress as stating the same claim.[34] Thus, claims six and seven assert only one claim.[35]

(d)    The Ohio law claim of intentional infliction of emotional distress as asserted against the corrections officers is barred by the one-year statute of limitations.[36] Because the corrections officers were not named in the original complaint, but sued for the first time in the amended complaint filed in June, 2012 – or more than one year after the events of January 15-16, 2011 – that claim against these defendants is time barred.[37]

(e)    Deir's brief in support of his motion does not comply with this Court's order regarding motions for summary judgment.[38]

(f)    Deir's supporting documents do not comply with the requirements of Rule 56. Specifically, there is no affidavit from Deir and none of the depositions are signed by the deponent, and six of the seven – including Deir's – are not signed by the court reporter.[39] Accordingly, with no proper Rule 56 evidence to support it, Deir's motion must be denied.[40]

ii.    Defendants' argument on the merits

In addition to the above assertions, the Defendants make two basic arguments in opposition to Deir's motion:

---

[34] *Id.* at 8 (citation omitted).

[35] *Id.*

[36] *Id.* at 8-9 (citations omitted).

[37] *Id.*

[38] ECF # 38 at 1-2 (citations omitted).

[39] *Id.* at 3-4.

[40] *Id.* at 4.

(a)     The Defendants are entitled to qualified immunity on any federal claims.[41] The Defendants argue that because the evidence does not show any violation of a constitutional right, they are entitled to qualified immunity.[42]

- The first three federal claims fail because Deir's conviction for OVI establishes probable cause for his arrest.[43]

- The excessive force claims must fail because Corbut, Guthleben and Shultz had no physical contact with Deir, while the contact by the others was reasonable in response to Deir's resistance.[44]

(b)     The Defendants are entitled to statutory immunity on the state law claims because none of their actions was within the scope of exceptions to the immunity granted by statute and/or because the Defendants' conduct was reasonable, it cannot be said that it was malicious or in bad faith.[45]

## Analysis

### A.     Standard of review – summary judgment

The court should grant summary judgment if satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[46] The moving party bears the burden of showing the absence of any such "genuine issue":

---

[41] ECF # 32-1 at 9-10.

[42] *Id.* (citations omitted).

[43] *Id.* at 10-11.

[44] *Id.* at 11-13.

[45] *Id.* at 13-14.

[46] Fed. R. Civ. P. 56(c).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.[47]

A fact is "material" only if its resolution will affect the outcome of the lawsuit.[48] Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.[49] The court will view the summary judgment motion "in the light most favorable to the party opposing the motion."[50]

The court should not grant summary judgment if a party who bears the burden of proof at trial does not establish an essential element of his case.[51] Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."[52] Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.[53]

---

[47] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

[48] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[49] *Id.* at 252.

[50] *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[51] *McDonald v. Petree*, 409 F.3d 724, 727 (6th Cir. 2005) (citing *Celotex Corp.*, 477 U.S. at 322).

[52] *Leadbetter v. Gilley*, 385 F.3d 683, 689 (6th Cir. 2004) (quoting *Anderson*, 477 U.S. at 248-49).

[53] *Anderson*, 477 U.S. at 249-50 (citation omitted).

In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict."[54] But if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard.[55]

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover.[56] The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury."[57] The text of Fed. R. Civ. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

"In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue."[58]

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that "'it is well settled that only admissible evidence may be considered by the trial

---

[54] *Id.* at 252.

[55] *March v. Levine*, 249 F.3d 462, 471 (6th Cir. 2001).

[56] *Anderson*, 477 U.S. at 256.

[57] *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

[58] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005).

court in ruling on a motion for summary judgment.'"[59] Rule 56(e) also has certain, more

specific requirements:

> [it] requires that affidavits used for summary judgment purposes be made on
> the basis of personal knowledge, set forth admissible evidence, and show that
> the affiant is competent to testify. Rule 56(e) further requires the party to
> attach sworn or certified copies to all documents referred to in the affidavit.
> Furthermore, hearsay evidence cannot be considered on a motion for summary
> judgment.[60]

But the district court may consider evidence not meeting this standard unless the opposing

party affirmatively raises the issue of the defect. The burden is on the opposing party to

object to the improper evidence; failure to object constitutes a waiver.

> If a party fails to object before the district court to the affidavits or evidentiary
> materials submitted by the other party in support of its position on summary
> judgment, any objections to the district court's consideration of such materials
> are deemed to have been waived, and [the Sixth Circuit] will review such
> objections only to avoid a gross miscarriage of justice.[61]

As a general matter, the judge considering a motion for summary judgment need

examine "[o]nly disputes over facts that might affect the outcome of the suit under governing

law."[62] The court will not consider non-material facts, nor will it weigh material evidence to

determine the truth of the matter.[63] The judge's sole function is to determine whether there

---

[59] *Wiley v. United States*, 20 F.3d 222 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs.*, 854 F.2d 1179, 1181 (9th Cir. 1988)).

[60] *Id.* at 225-26 (citations omitted).

[61] *Id.* at 226 (citations omitted).

[62] *Anderson*, 477 U.S. at 248.

[63] *Id.* at 249.

is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence

favoring the nonmoving party for a jury to return a verdict for that party."[64]

In sum, proper summary judgment analysis entails:

> the threshold inquiry of determining whether there is the need for a trial –
> whether, in other words, there are any genuine factual issues that properly can
> be resolved only by a finder of fact because they may reasonably be resolved
> in favor of either party.[65]

## B.     Application of standard

Before discussing the arguments, I note first that the Defendants have properly

observed that Deir has neither named nor served the John Doe defendants. Such a failure

requires dismissal of such defendants under Rule 4(m) of the Federal Rules of Civil

Procedure.[66] Defendants' analysis of these claims is consistent with the framework adopted

by Judge O'Malley in a highly analogous prior case.[67]

In addition, Deir has not provided any proper Rule 56 evidence to support his motion

or to create a genuine issue of material fact in opposition to the facts presented by the

Defendants. As was stated in the standard of review for summary judgments given above,

a movant like Deir may not merely rely on his allegations, but must "put up or shut up" with

respect to the issues joined by the motion by providing evidence of the existence of a

---

[64] *Id.*

[65] *Id.* at 250.

[66] *See*, *Petty v. County of Franklin*, 478 F.3d 341, 345-46 (6th Cir. 2007).

[67] *Deir v. Mentor*, No. 1:03-CV-2232, 2005 WL 2416919 (N.D. Ohio Sept. 30, 2005).

-12-

disputed material fact under the standard set forth in Rule 56. Here, the absence of a sworn affidavit from Deir or any substantiated material from a deposition, leaves the Court with only the Defendants' unopposed facts as the basis for adjudicating these cross motions.

With that as the evidentiary foundation, I examine the claims.

### 1.    Claims one, two and three

As was stated by Judge O'Malley in *Deir v. Mentor*,[68] these claims assert federal claims of false arrest or unlawful seizure. A federal claim of false arrest or unlawful seizure requires proof that the restraint or arrest was without probable cause. In that regard, a state court finding that the federal plaintiff was guilty of the crime for which he was arrested precludes a federal § 1983 action for unlawful restraint or unreasonable seizure. Here, Deir's admission that he was convicted by an Ohio jury of operating a vehicle while under the influence of alcohol or drugs,[69] and then did not appeal that conviction, provides probable cause for his arrest and precludes the claims raised in counts one, two, and three.[70] Therefore, the Defendants' summary judgment on these counts should be granted.

### 2.    Claims four and five

Again as analyzed by Judge O'Malley in *Deir v. Mentor*, these two claims present both state and federal claims for the use of excessive force.

---

[68] *Deir*, 2005 WL 2416919, at *5.

[69] *See*, ECF # 32-2 at 29-30.

[70] *Deir*, 2005 WL 2416919, at *5 (internal citations omitted).

As to the federal law claims, the Supreme Court in *Saucier v. Katz*[71] teaches that excessive force claims are to be analyzed under an "objective reasonableness" standard, with deference afforded to the judgment of reasonable officers on the scene.[72] The Sixth Circuit has stated that relevant considerations include the severity of the crime, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to flee.[73]

Here, the uncontroverted evidence is that Deir was convicted of resisting arrest.[74] Further, the uncontested evidence from the sheriff's deputies is that whatever force they employed was a reasonable response to Deir's belligerence during the arrest and transportation to the hospital and jail.[75] Moreover, the unrefuted evidence is that corrections officers Guthleben, Shultz and Corbut had no physical contact with Deir at all, while Soeder, Paul, and Keller also used reasonable force when Deir was engaging in potentially self-injuring behavior at the jail.[76] Thus, the Defendants should be granted summary judgment in their favor as to the federal excessive force charges.

---

[71] *Saucier v. Katz*, 533 U.S. 194 (2001).

[72] *Id.* at 205 (quoting *Graham v. Connor*, 490 U.S. 386, 388 (1989)).

[73] *Fox v. DeSoto*, 489 F.3d 227, 236 (6th Cir. 2007) (citing *Graham*, 490 U.S. at 395-96).

[74] ECF # 32-2 at 24.

[75] ECF # 32-1 at 12 (citing Rule 56 record).

[76] *Id.* at 12-13.

As to the state law assault and battery charges, all the corrections officers were not named until the amended complaint, which was filed on June 1, 2012 – more than one year after January 15-16, 2011, the time of the alleged incidents. As such, any claim of assault and battery against these defendants under Ohio law is precluded by operation of the applicable statute of limitations.[77]

Moreover, as to the state law claims against the arresting deputies, the deputies raise the issue of statutory immunity, which is addressed in connection with grounds six and seven. Statutory immunity does shield the Defendants from state law liability here. But notwithstanding the statutory immunity issue, Ohio permits officers to use force in making a lawful arrest, such that assault and battery liability will only arise when unreasonable force is used.[78] Here, as noted above, the only Rule 56 evidence in the record is that the arresting deputies employed only reasonable force in arresting Deir, and then transporting him to the hospital and finally to jail. As such, the deputies' motion for summary judgment should be granted as to the state law claims of counts four and five.

### 3.    *Claims six and seven*

As discussed above, these claims are state law claims that Ohio law understands as essentially stating the same basis of relief – for intentional infliction of emotional distress.[79]

---

[77] Ohio Rev. Code § 2305.111(b).

[78] *See*, *Knox v. Hetrick,* No. 91102, 2009 WL 792357, at *8 (Ohio Ct. App. March 26, 2009).

[79] *Reamsnyder v. Jaskolski*, 10 Ohio St. 3d 150, 152-53, 462 N.E.2d 392, 393-95 (1984).

Further, Ohio law provides that while the statute of limitations for a claim of intentional infliction of emotional distress is four years, when the acts giving rise to the underlying intentional infliction claim would support another tort, it is the statute of limitations for the other tort that controls the claim for intentional infliction of emotional distress.[80] Thus, where, as here, an intentional infliction of emotional distress claim is based on the same facts as an assault and battery claim, it is the one-year limitations period for assault and battery that applies to the intentional infliction claim.[81]

In this regard, and for the same reasons as apply to the previously-discussed state law claim, any intentional infliction of emotional distress claim against the corrections officers must fail on limitations grounds.

As to the other defendants, they assert that they are entitled to statutory immunity as regards grounds six and seven. Ohio law generally provides statutory immunity to employees of political subdivisions, such as the Defendants, subject only to specified exceptions:

> (6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division …, the employee is immune from liability unless one of the following applies:
>
> …
>
> (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

---

[80] *Lee v. Norwalk*, No. 3:11 CV 897, 2011 WL 4007786, at *2 (N.D. Ohio Aug. 25, 2011) (citations omitted).

[81] *Id.*

(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code....[82]

As the Defendants further note, none of the named exceptions to statutory immunity apply in this case. First, Deir's state law claims in grounds six and seven are not based on another portion of Ohio law expressly imposing liability on these defendants in this situation. Next, it is not disputed that the Defendants here were all acting within the scope of their official responsibilities when they encountered Deir on January 15-16, 2011.[83] Finally, because the actions of the deputies have already been determined to be reasonable, Deir cannot then claim that the same actions were malicious or undertaken in bad faith or done in a wanton or reckless manner.[84]

## Conclusion

For the reasons stated, I recommend that Jabra Deir's motion for summary judgment be denied and that of the Defendants be granted.

Dated:  January 13, 2014                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

---

[82] Ohio Rev. Code § 2744.03(A).

[83] The affidavits and declarations of the Defendants so state. *See*, ECF # 32-1 at 13 (citing record).

[84] *Hale v. Vance*, 267 F. Supp. 2d 725, 736 (S.D. Ohio 2003).

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[85]

---

[85] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).