**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JABRA DEIR, ) | CASE NO. 1:12CV110 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| LAKE COUNTY et al., ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

    This matter comes before the Court upon the Report and Recommendation (ECF DKT #39) of Magistrate Judge Baughman, recommending that the Court grant the Motion for Summary Judgement filed by Defendants, and deny the Motion for Summary Judgment filed by Plaintiff. Plaintiff has not filed an objection to the Report and Recommendation. For the following reasons, the Court ADOPTS Magistrate Judge Baughman's Report and Recommendation and grants the Motion for Summary Judgment filed by Defendants (ECF DKT#32) on all claims in the Plaintiff's Complaint.

## BACKGROUND

    The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the

facts.

Plaintiff Jabra Deir filed this case on January 17, 2012, arising from the circumstances of Deir's arrest and subsequent incarceration on January 15, 2011. The Amended Complaint was filed on June 1, 2012, alleging seven claims for relief:

1. The restraint and incarceration violated Deir's Fourth Amendment right to be free from unreasonable seizure;

2. The restraint and incarceration deprived Deir of his Due Process rights under the Fourteenth Amendment;

3. The arrest was unlawful and without probable cause;

4. The acts of the deputies and corrections officers constituted assault and excessive force;

5. The acts of the deputies and corrections officers constituted battery and excessive force;

6. The acts of the deputies and corrections officers constituted intentional infliction of emotional distress;

7. The acts of the deputies and corrections officers constituted reckless infliction of emotional distress.

Plaintiff's Motion for Summary Judgment fails to make any legal argument that would justify a judgment, sets forth no authority, and does not comply with the Magistrate Judge's Order governing summary judgment procedure. The Magistrate Judge correctly did not consider the motion, and recommends denial.

Defendants' Motion for Summary Judgment details an entirely different scenario from the alleged claims in Plaintiff's Complaint. Defendants assert that Plaintiff has a long history of confrontations with law enforcement. As outlined in the Magistrate Judge's Report and Recommendation, Defendants make the following arguments:

> The Defendants note first that although Plaintiff's amended complaint lists as defendants "John Does # 1-30," Plaintiff has never named any specific person in place of any John Doe. Defendants seek the dismissal of all John Doe defendants.
>
> Because a claim against a government official is a claim against the government entity for which he works, and consistent with the Court's prior order, there is no

claim here under either federal or state law against Lake County because there has been no allegation of any custom or practice of Lake County which led to any alleged deprivation of Plaintiff's constitutional rights.

Counts one, two and three must be seen as federal claims resulting from an arrest without probable cause; counts four and five understood as both federal and state claims for excessive force/assault and battery; and counts six and seven viewed as state law claims for intentional infliction of emotional distress. In that regard, the Defendants also note that Ohio treats claims of intentional infliction of emotional distress and reckless infliction of emotional distress as stating the same claim. Thus, claims six and seven assert only one claim.

The Ohio law claim of intentional infliction of emotional distress as asserted against the corrections officers is barred by the one-year statute of limitations. Because the corrections officers were not named in the original complaint, but sued for the first time in the amended complaint filed in June, 2012, more than one year after the events of January 15-16, 2011, that claim against these defendants is time barred.

In their Brief in Opposition to Plaintiff's Motion for Summary Judgment, Defendants argue the following: that because the evidence does not show any violation of a constitutional right, they are entitled to qualified immunity; the first three federal claims fail because Plaintiff's conviction for OVI establishes probable cause for his arrest; the excessive force claims must fail because three of the officers had no physical contact with Plaintiff while the contact by the others was reasonable in response to Plaintiff's resistance; and the Defendants are entitled to statutory immunity on the state law claims because none of their actions were within the scope of exceptions to the immunity granted by statute and/or because the Defendants' conduct was reasonable.

## **STANDARD OF REVIEW**

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).

Proper summary judgment analysis entails the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby*, 477 U.S. 250 (1986).

## ANALYSIS

In this case, the Magistrate Judge determined that summary judgment is appropriate. Since Plaintiff has neither named nor served the John Doe defendants, those Defendants are dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. The Magistrate Judge concluded that Plaintiff's admission that he was convicted by an Ohio jury of Operating a Vehicle While Under the Influence of Alcohol or Drugs, and then did not appeal that conviction, provides probable cause for his arrest and precludes the claims raised in Counts One, Two, and Three. The Court agrees and, therefore, the Defendants' summary judgment on these counts is granted.

As to Claims Four and Five, the Magistrate Judge points out that Plaintiff was convicted of Resisting Arrest. Whatever force was employed by the officers was a reasonable response to Plaintiff's belligerence during the incidents. Therefore, Defendants are granted summary judgment as to the federal excessive force charges.

The Magistrate Judge correctly concluded that any claim of assault and battery against the corrections officers under Ohio law is precluded by the statute of limitations, as all the corrections officers were not named until the Amended Complaint filed June 1, 2012, more that one year after the time of the alleged incidents. Ohio Rev. Code § 2305.111(b). Additionally, the Magistrate Judge concluded that the arresting deputies are shielded from state law liability by statutory immunity, and even if they were not, Ohio permits officers to use force in making a lawful arrest. *See, Knox v. Hetrick*, No. 91102, 2009 WL 792357, at *8 (Ohio Ct. App. March 26, 2009). The Court agrees with the

Magistrate Judge's conclusions,  and, therefore, the Defendants' Motion for Summary Judgment is granted as to Counts Four and Five.

As to Claims Six and Seven, the Court agrees with the Magistrate Judge that these claims are state law claims that Ohio law understands as essentially stating the same basis of relief – for intentional infliction of emotional distress.  *Reamsnyder v. Jaskolski*, 10 Ohio St. 3d 150, 152-53, 462 N.E.2d 392, 393-95 (1984).  Therefore, these claims fail for the same reasons as the previously discussed state law claim.  Ohio law provides that while the statute of limitations for a claim of intentional infliction of emotional distress is four years, when the acts giving rise to the underlying intentional infliction claim would support another tort, it is the statute of limitations for the other tort that controls the claim for intentional infliction of emotional distress.  *Lee v. Norwalk*, No. 3:11 CV 897, 2011 WL 4007786, at *2 (N.D. Ohio Aug. 25, 2011) (citations omitted).  An intentional infliction of emotional distress claim is based on the same facts as an assault and battery claim, and it is the one-year limitations period for assault and battery that applies to the intentional infliction claim.  *Id.*

The Court agrees with the Magistrate Judge that any claim of intentional infliction of emotional distress against the corrections officers fails for the same reasons as apply to the previous state law claim.  Additionally, the other Defendants are entitled to statutory immunity.  The Magistrate Judge correctly concluded that Plaintiff's state law claims in grounds Six and Seven are not based on another portion of Ohio law expressly imposing liability on these defendants in this situation; it is not disputed that the Defendants were all acting within the scope of their official responsibilities during the incident; and because the actions of the deputies have already been determined to be reasonable, Plaintiff cannot then claim that the same actions were malicious or undertaken in bad faith or done in a wanton or reckless manner.  *Hale v. Vance*, 267 F. Supp. 2d 725, 736 (S.D. Ohio 2003).

## **CONCLUSION**

The Magistrate Judge's Report and Recommendation (ECF DKT #39) is ADOPTED. The Court finds that Plaintiff's Motion for Summary Judgment is denied, and Defendants' Motion for Summary Judgment is granted, and this case is dismissed.

**IT IS SO ORDERED.**

**DATE: 2/6/14**

        **s/Christopher A. Boyko**
        **CHRISTOPHER A. BOYKO**
        **United States District Judge**